UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLINA NOGUEIRA SANTOS<br>Petitioner;<br><br>DERLANIO PRAZER<br>Beneficiary;<br>***Plaintiffs,***<br>v.<br>DENIS RIORDAN,<br>in his official capacity as Boston Field Office Director, U.S. Citizenship & Immigration Services;<br><br>JOSEPH B. EDLOW,<br>in his official capacity as Director, U.S. Citizenship & Immigration Services;<br><br>MARKWAYNE MULLIN,<br>in his official capacity as Secretary, U.S. Department of Homeland Security; and<br><br>TODD BLANCHE,<br>in his official capacity as Attorney General, U.S. Department of Justice;<br>***Defendants.*** | **Civil Action No.:**<br>26-cv-14371 |

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY & INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiffs Carolina Nogueira Santos ("Ms. Santos") and Derlanio Prazer ("Mr. Prazer"), through undersigned counsel, respectfully petition this Court for a writ of mandamus and declaratory and injunctive relief against Defendants as follows:

1. This action seeks a final decision on the Form I-130, Petition for Alien Relative, filed by Ms. Santos, a United States citizen, on behalf of her husband, Mr. Prazer, on September 1, 2023. USCIS assigned Receipt No. IOE0922185715. More than three years later, the petition remains pending. *Exhibit A: Form I-130 Receipt Notice ("Exhibit A"*); *Exhibit B: Form I-485*

*Interview Notice ("Exhibit B").; Exhibit C: USCIS Online Case Status ("Exhibit C"); Exhibit D: EOIR Automated Case Information ("Exhibit D").*

2. Plaintiffs married in Quincy, Massachusetts, on June 23, 2023. *Exhibit E: Certificate of Marriage ("Exhibit E").* Mr. Prazer is now in removal proceedings before the Immigration Court in Chelmsford, Massachusetts. *Exhibit D.*

3. USCIS scheduled Mr. Prazer for an interview on May 12, 2026. Both spouses appeared, and the officer interviewed them about the bona fides of their marriage. The officer identified no major discrepancies. *Exhibit B.*

4. USCIS's online I-130 status states that the agency continues to process the petition and presently needs no further information from Plaintiffs. *Exhibit C.* USCIS has issued no decision, leaving the qualifying family petition unresolved while Mr. Prazer's removal case remains pending. *Exhibit D.*

5. USCIS has authority to adjudicate Ms. Santos's pending Form I-130 and determine whether it establishes the qualifying family relationship. 8 U.S.C. § 1154; *Wen Yuan Chan v. Lynch*, 843 F.3d 539, 543–44 (1st Cir. 2016). Plaintiffs seek no ruling on the petition's merits. They request only that USCIS issue a decision within a reasonable time.

**JURISDICTION & VENUE**

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the claim arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702, 706(1). Federal-question jurisdiction extends to review of agency action unless Congress has precluded it. *Massachusetts v. Departmental Grant Appeals Board*, 815 F.2d 778, 780 (1st Cir. 1987).

7. The Court also has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, to compel performance of a duty owed by federal officers. The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, supplies a form of relief in this federal controversy.

8. Plaintiffs challenge USCIS's failure to decide a discrete I-130 petition. They do not seek review of a removal order, restraint of removal proceedings, adjudication of the I-485, or approval of any immigration benefit. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63–65 (2004).

9. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(e)(1) because Plaintiffs reside in Quincy, Massachusetts, and no real property is involved. The scheduled USCIS interview was at the Boston Field Office. *Exhibit B*.

**EXHAUSTION**

10. No administrative exhaustion requirement bars this claim to compel a decision on the I-130. Plaintiffs appeared for the scheduled interview and remain ready to supply any further evidence requested by USCIS. The agency's online status states that it needs nothing further from them at present. *Exhibit C*. Neither the Immigration Court nor the Board of Immigration Appeals can decide Ms. Santos's I-130 for USCIS; Plaintiffs have no administrative remedy that would produce the agency decision sought here.

**JOINDER OF PLAINTIFFS**

11. Plaintiffs are properly joined under Federal Rule of Civil Procedure 20(a)(1). Their claims arise from USCIS's failure to decide the single I-130 filed by Ms. Santos for Mr. Prazer and present the same questions of law and fact. Ms. Santos awaits disposition of her petition, and Mr. Prazer's ability to present a family-based adjustment claim in his pending removal proceedings depends in part on that disposition.

## PARTIES

12. Plaintiff Carolina Nogueira Santos is a United States citizen residing in Quincy, Massachusetts. She naturalized on March 8, 2017, and is the petitioner on Form I-130, Receipt No. IOE0922185715. *Exhibit A.*

13. Plaintiff Derlanio Prazer is a citizen of Brazil residing in Quincy, Massachusetts. He is the beneficiary of Ms. Santos's I-130 and the respondent in removal proceedings before the Chelmsford Immigration Court. *Exhibits A, D.*

14. Defendant Denis Riordan is sued in his official capacity as Boston Field Office Director of USCIS. The Boston Field Office scheduled and conducted the May 12, 2026 interview. *Exhibit B*. Upon information and belief, he exercises supervisory authority over adjudications handled by that office.

15. Defendant Joseph B. Edlow is the Director of USCIS and is sued in his official capacity. USCIS adjudicates the Form I-130 under 8 U.S.C. § 1154 and 8 C.F.R. Part 204.

16. Defendant Markwayne Mullin is sued in his official capacity as Secretary of the U.S. Department of Homeland Security. The Secretary supervises USCIS and administers the immigration laws. 8 U.S.C. § 1103(a).

17. Defendant Todd Blanche is sued in his official capacity as Attorney General of the United States. The Attorney General supervises EOIR, before which Mr. Prazer's removal proceedings remain pending. 8 U.S.C. § 1103(g). Plaintiffs seek no order directing EOIR to decide the I-130 or to grant adjustment.

## STATEMENT OF FACTS

18. Plaintiffs married on June 23, 2023, in Quincy, Massachusetts. Their marriage certificate identifies both spouses and the date and place of marriage. *Exhibit E.*

19. On September 1, 2023, Ms. Santos filed a Form I-130 on behalf of Mr. Prazer. USCIS accepted the petition, assigned Receipt No. IOE0922185715, and issued a receipt notice dated September 7, 2023. *Exhibit A.*

20. Mr. Prazer separately filed Form I-485, Application to Register Permanent Residence or Adjust Status. The I-485 is not the application for which Plaintiffs seek an adjudication order in this action.

21. On April 3, 2026, USCIS issued an interview notice for the I-485, scheduling Mr. Prazer to appear at the Boston Field Office on May 12, 2026. *Exhibit B.*

22. Plaintiffs appeared together on May 12, 2026. They allege that the USCIS officer asked detailed questions about the marriage, including their relationship, shared residences, routines, travel, employment, wedding, and families. According to Plaintiffs, the officer stated that no major discrepancies had been identified. Plaintiffs have since received no request for further evidence or decision on the I-130.

23. USCIS's I-130 online status reads: "USCIS Is Currently Processing the Case." As of May 12, 2026, it states that USCIS is still processing Receipt No. IOE0922185715, does not currently need anything from Plaintiffs, and will contact them if more information is required. *Exhibit C.*

24. Ms. Santos has received no final decision on the I-130. Plaintiffs have not received a request for evidence, notice of intent to deny, or explanation of what remains to be done on that petition. More than three years have passed since the filing, including more than four months since the scheduled interview.

25. Mr. Prazer is in removal proceedings. EOIR's automated record lists a January 7, 2026 docket date, identifies the Immigration Court at 150 Apollo Drive, Chelmsford, Massachusetts, and states: "This case is pending." It lists no future hearing date and no appeal. *Exhibit D.*

26. That pending case makes the I-130 decision materially important. An approved immediate-relative petition would establish a visa basis relevant to an adjustment claim, while leaving the Immigration Judge to determine Mr. Prazer's eligibility and discretion. A denial would provide a decision Plaintiffs could address through applicable procedures. Without a decision, the threshold petition remains unresolved in the forum that alone adjudicates it.

27. Plaintiffs seek an order requiring USCIS to make a final decision, not to approve the I-130, adjudicate the I-485, or alter the timing or outcome of removal proceedings.

## LEGAL FRAMEWORK

### I. PLAINTIFFS SEEK ONLY ADJUDICATION OF THE PENDING FORM I-130 PETITION.

28. Congress assigns adjudication of citizen-filed immediate-relative petitions to USCIS. 8 U.S.C. § 1154; 8 C.F.R. Part 204. USCIS investigates whether the beneficiary qualifies as the citizen petitioner's immediate relative and approves or denies the I-130. *Chan*, 843 F.3d at 543–44 (citing *Neang Chea Taing v. Napolitano*, 567 F.3d 19, 21–22 (1st Cir. 2009)).

29. Plaintiffs seek only completion of that adjudication. They do not ask this Court to find the marriage bona fide, to compel approval, or to substitute its judgment for USCIS's. A final decision on the petition is the discrete agency action at issue. See N*orton*, 542 U.S. at 63–65.

30. An approved I-130 establishes an immigrant-visa basis; it does not by itself confer lawful status or require adjustment. The separate I-485 inquiry includes eligibility, admissibility, and discretion. *Chan*, 843 F.3d at 544–45. The Court can therefore order USCIS to act without deciding any question reserved to USCIS or the Immigration Judge.

## II. THE APA AND MANDAMUS ACT AUTHORIZE RELIEF FOR UNREASONABLE DELAY.

31. The APA requires an agency to conclude a matter presented to it "within a reasonable time," 5 U.S.C. § 555(b), and directs a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," id. § 706(1). The requested decision on this identified I-130 is a discrete action that USCIS is required to perform, even though its substantive determination remains its own. See *Norton*, 542 U.S. at 63–65.

32. The Mandamus Act authorizes an action to compel a federal officer to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. Plaintiffs have a right to a decision within a reasonable time, USCIS has the duty to decide the petition, and the Immigration Court cannot perform that duty in its place. *In re Cargill, Inc.*, 66 F.3d 1256, 1262 (1st Cir. 1995). Mandamus remains an extraordinary remedy; Plaintiffs request it in the alternative to APA relief if the record establishes the necessary grounds.

33. Ms. Santos filed the petition and paid the required fee. USCIS accepted it in September 2023, interviewed both spouses in May 2026 in connection with the I-485, and reports that it needs no further information for the I-130. *Exhibits A–C.* Plaintiffs have no agency decision to appeal or otherwise challenge, and no separate tribunal can decide the pending petition.

## III. THE THREE-YEAR DELAY IS UNREASONABLE IN THE CIRCUMSTANCES ALLEGED.

34. In evaluating unreasonable agency delay, the First Circuit considers whether the time taken follows a rule of reason, the interests prejudiced by the delay, and the effect of an order on competing agency priorities. *Wellesley v. Fed. Energy Regulatory Comm'n*, 829 F.2d 275, 277 (1st Cir. 1987). Those considerations call for examining the length of this delay, the statutory context, its consequences for Plaintiffs, and any justification USCIS offers. *Id.*

35. First, the length of the delay. Ms. Santos filed the I-130 on September 1, 2023. More than three years later, USCIS has not decided it. Plaintiffs attended a marriage interview in May 2026, but the online case status still shows the petition as pending. *Exhibits A–C.*

36. Second, the statutory context. The I-130 statute sets no fixed adjudication deadline, but the APA requires USCIS to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b). The absence of a fixed deadline does not permit USCIS to leave this citizen-filed petition undecided indefinitely.

37. Third, the consequences of delay. Ms. Santos remains without a decision on the petition she filed for her husband. Mr. Prazer remains in removal proceedings while the I-130, which only USCIS can decide, is unresolved. *Exhibit D*; *Chan*, 843 F.3d at 543–44.

38. Fourth, administrative justification. USCIS has provided no reason for the continued delay or anticipated decision date. Its online status states that the agency needs no additional information from Plaintiffs. *Exhibit C*. Plaintiffs recognize that competing priorities may bear on the Court's assessment, but no such justification appears in the present record.

39. Taken together, these circumstances warrant an order requiring USCIS to decide the I-130 within a reasonable deadline set by the Court, without directing the outcome.

## IV. AN I-130 DECISION MATTERS TO THE ORDERLY ADMINISTRATION OF THE REMOVAL PROCEEDINGS.

40. The commencement of removal proceedings does not divest USCIS of authority to decide the pending I-130. USCIS retains the responsibility to determine whether Ms. Santos has established the qualifying relationship under 8 U.S.C. § 1154. *Chan*, 843 F.3d at 543–44.

41. The regulations separately assign an Immigration Judge exclusive jurisdiction over the adjustment application of a non-arriving alien in removal proceedings. 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1)(i); *Chan*, 843 F.3d at 543–45. The EOIR record establishes that Mr.

Prazer's proceedings are pending. *Exhibit D.* Nothing in the present exhibits suggests that he was processed as an arriving alien, and the Court need not determine his ultimate adjustment jurisdiction to require USCIS to decide the distinct I-130 petition.

42. USCIS's determination on the I-130 and the Immigration Court's authority over adjustment thus serve separate purposes. Unless USCIS decides the petition, Plaintiffs lack the agency determination relevant to pursuing a family-based adjustment claim in the removal case. An approval would not compel the Immigration Judge to find Mr. Prazer admissible, eligible, or entitled to adjustment. C*han*, 843 F.3d at 545.

43. *Badose v. Garland* illustrates the practical effect of an I-130 decision while removal proceedings are pending. USCIS approved a citizen spouse's petition during the beneficiary's BIA appeal; that approval supplied a new basis for requesting remand to seek adjustment before the Immigration Judge. 125 F.4th 1 (1st Cir. 2024). *Badose* did not decide a mandamus claim or hold that every pending petition warrants expedited treatment. Its procedural history confirms that USCIS's decision may materially affect the relief a noncitizen can present in removal proceedings.

44. Each tribunal would retain its assigned function under the order requested here. USCIS would decide Ms. Santos's I-130; the Immigration Court would decide any adjustment application and other relief in Mr. Prazer's case. Plaintiffs ask this Court to dictate no substantive outcome in either forum.

## CONCLUSION

45. For the foregoing reasons, Plaintiffs request that this Court direct the responsible USCIS officials to adjudicate Form I-130, Receipt No. IOE0922185715, within a reasonable deadline established by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Issue an order under 5 U.S.C. § 706(1) and, if warranted, a writ of mandamus under 28 U.S.C. § 1361 directing the responsible USCIS officials to render a final decision on Ms. Santos's Form I-130, Receipt No. IOE0922185715, within a reasonable deadline;
2. Declare, if supported by the record, that the failure to adjudicate the I-130 within a reasonable time violates 5 U.S.C. § 555(b);
3. Award costs and such reasonable attorneys' fees as Plaintiffs may establish under the Equal Access to Justice Act, 28 U.S.C. § 2412; and
4. Grant such other relief as the Court deems just and proper.

Dated: 09/24/26

Respectfully submitted,

Marie Therse Hawwa, Esq.
Nova Law Group, LLC
21 Fulton Street
Newark, NJ 07102
mhawwa@nova.law
(844) 844-6682
*Counsel for Plaintiffs*